UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHAWNA GRAVES,

Plaintiff,

v.

PAU HANA GROUP, LLC dba KJL FASTENERS, a Nevada limited liability corporation,

Defendant.

No. 2:13-CV-01278-JAM-EFB

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant Pau Hana Group, LLC's ("Defendant") Motion to Dismiss the second, third and fourth causes of action (Doc. #9) from Shawna Grave's ("Plaintiff") Complaint (Doc. #1) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion ("Opposition") (Doc. #10).[1] Defendants filed a reply to the Opposition (Doc. #11). For the following reasons, Defendant's motion is GRANTED in part and DENIED in part.

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for September 11, 2013.

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is in the business of supplying and distributing aerospace fasteners to large corporate and government entities. In October 2011, Plaintiff began working for Defendant as a Shipping, Receiving, and Warehouse Manager. Plaintiff's responsibilities included ensuring that shipments were processed properly, as well as interviewing, hiring, managing, and firing employees within the Warehouse Department. Throughout Plaintiff's employment, Kathy Clark was her direct supervisor. Prior to October 2012, Plaintiff and Ms. Clark had an amicable relationship.

In July 2012, Plaintiff informed Ms. Clark and Defendant that she was pregnant. In October 2012, Plaintiff was informed by her doctor that her pregnancy was high-risk, which would require her to attend additional doctor's appointments. According to the Complaint, when Plaintiff informed Ms. Clark about her high-risk pregnancy, Ms. Clark "began to treat Plaintiff with hostility and anger." Compl. ¶ 15. Ms. Clark verbally abused Plaintiff, "using foul language, making false accusations, and often stat[ing] that she was lazy, incompetent and becoming useless due to her pregnancy." Compl. ¶ 16. This abuse "repeatedly coincided" with Plaintiff's missing work to attend prenatal doctor's appointments. On one occasion, Ms. Clark threw paper at Plaintiff and yelled at Plaintiff not to "[expletive] look at her or talk to her for five weeks." Compl. ¶ 18. Plaintiff alleges that this behavior "stemmed from [her] work absences in order to attend pre-natal appointments." Id.

Plaintiff immediately reported Ms. Clark's behavior to Ray Lock, the CEO of Defendant. On December 4, 2012, Plaintiff sent Mr. Lock an email informing him that Ms. Clark's abusive behavior had not stopped. Mr. Lock responded to Plaintiff, but no disciplinary actions were ever taken toward Ms. Clark.

In early December 2012, Plaintiff took four days off due to her high-risk pregnancy. When Plaintiff returned to work, Ms. Clark "once again berated [her] in front of her colleagues." Compl. ¶ 14. Furthermore, Plaintiff's team, which she supervised, accused her of "failing to be a 'team player.'" Id. Plaintiff complained to Mr. Lock, who suggested that Plaintiff take disability leave. Plaintiff refused, stating that she was not disabled, but was being harassed. Mr. Lock told Plaintiff she simply needed to decide whether she could continue to work under the current circumstances with Ms. Clark.

On December 17, 2012, Plaintiff observed Ms. Clark speaking to three co-workers, asking "[h]as it been done yet?" Compl. ¶ 28. Immediately thereafter, the three co-workers confronted Plaintiff and asked her why she was not being a "team player."

On December 18, 2012, Plaintiff received an email, written and ratified by all employees at the company, including Mr. Lock and Ms. Clark. The email terminated Plaintiff's employment with Defendant, stating that the other employees "no longer wished to have [her] here as an employee." Compl. ¶ 29.

Plaintiff filed a complaint against Defendant with the California Department of Fair Employment and Housing and thereafter received a "Right to Sue" letter.

On June 26, 2013, Plaintiff filed the Complaint (Doc. #1) in

this Court. Plaintiff's second, third and fourth causes of action in her Complaint are as follows: Retaliation in Violation of California Government Code section 1940; Failure to Accommodate in Violation of California Government Code section 1945; and Interference with and Failure to Provide Leave in Violation of California Government Code section 12945.

This Court has diversity jurisdiction under 28 U.S.C. § 1332(a), as Plaintiff is a citizen of California and Defendant is a limited liability corporation whose only members are citizens of Nevada. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 984, 899 (9th Cir. 2006).

## II. OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570 (2007). In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give

fair notice and enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id. Assertions that are mere "legal conclusions" are therefore not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Dismissal is appropriate when a plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Discussion

1. FEHA and ADA

Plaintiff brings each of her claims under the California Fair Employment and Housing Act (FEHA). As FEHA provisions relating to disability discrimination are based on the federal Americans with Disabilities Act (ADA), both state and federal courts have held that "decisions interpreting federal anti-discrimination laws are relevant in interpreting FEHA's similar

provisions." Humphrey v. Mem'l Hospitals Ass'n, 239 F.3d 1128, 1133 (9th Cir. 2001); see also Brundage v. Hahn, 57 Cal.App.4th 228, 235 (1997) (noting that decisions interpreting federal anti-discrimination laws are relevant in interpreting FEHA's similar provisions, and therefore considering plaintiff's "state and federal disability discrimination claims together, and rely[ing] on federal authority in the absence of controlling state law"). Accordingly, in evaluating Defendant's Motion to Dismiss, the Court has considered case law interpreting both FEHA and federal anti-discrimination laws, such as the ADA.

2. Second Cause of Action

Plaintiff's second cause of action alleges that Defendant retaliated against Plaintiff in violation of California Government Code section 12940(h). Under section 12940(h), it is unlawful "for any employer . . . to harass, discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part[.]" Gov. Code §12940(h). To state a claim for retaliation under section 12940(h), "a plaintiff must show (1) he or she engaged in a protected activity, (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042 (2005).

a. Protected Activity

Defendant first argues that Plaintiff has failed to "allege with any specificity the nature of the protected activity in which she was engaged[.]" Mot. at 5. Plaintiff responds that the very act of "attending doctor's appointments related to her

high-risk pregnancy" constitutes "protected activity" for purposes of a FEHA retaliation claim. Opp. at 4.

In her Complaint, Plaintiff alleges that she requested reasonable accommodations in the form of intermittent leave to attend pre-natal doctor's appointments and made numerous complaints to Mr. Lock about the subsequent abuse. These informal complaints rise to the level of protected activity for the purposes of a FEHA retaliation claim. California Fair Employment & Hous. Comm'n v. Gemini Aluminum Corp., 122 Cal.App.4th 1004, 1018 (2004) (holding that the plaintiff had engaged in protected activity under FEHA because "[i]nformal complaints to management about discriminatory employment practices are considered sufficient opposition to trigger the prohibition against retaliation"); Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 503 (9th Cir. 2000) (noting that "informal complaints" constitute a protected activity for the purposes of a Title VII retaliation claim); Washington v. California City Correction Ctr., 871 F. Supp. 2d 1010, 1028 (E.D. Cal. 2012) (noting that an employee's "formal or informal complaints to a supervisor regarding unlawful discrimination [are] 'protected activity' and adverse actions taken against the employee after such complaints may constitute retaliation"). Accordingly, Plaintiff has satisfied the first element of this claim.

b. Adverse Employment Action

Defendant next argues that Plaintiff's allegation of "adverse employment action" is "contrary to other allegations contained in the complaint where plaintiff alleges she was not

treated adversely after announcing her pregnancy." Mot. at 5. Plaintiff responds by pointing to her allegations that she suffered verbal and physical harassment, was "repeatedly berated" by her supervisor, and was eventually terminated. Opp. at 4.

Defendant's argument appears to be rely on the fact that Plaintiff informed Ms. Clark and Defendant that she was pregnant in July 2012, yet alleges that she and Ms. Clark had "an amicable and friendly work relationship" prior to October 2012. Compl. ¶ 15. However, Plaintiff did not inform Ms. Clark that her pregnancy was high-risk, and would require her to have additional doctor's appointments, until October 2012, at which time their previously amicable relationship began to deteriorate. After October 2012, Plaintiff alleges that Ms. Clark consistently verbally abused her, threw paper at her on one occasion, and orchestrated her termination on December 18, 2012.

For the purposes of section 12940(h) retaliation claims, "adverse employment actions" encompass "not only so-called 'ultimate employment actions' such as termination or demotion, but also the entire spectrum of employment actions that are reasonably likely to adversely and materially affect an employee's job performance or opportunity for advancement[.]" Yanowitz v. L'Oreal USA, Inc., 26 Cal. 4th 1028, 1054 (2005).

Under this standard, the Court finds that Ms. Clark's consistent pattern of verbal abuse, standing alone, constitutes "adverse employment action." Moreover, Plaintiff's termination brings her treatment squarely within the Yanowitz definition of "adverse employment action." Accordingly, Plaintiff has sufficiently alleged the second element of her section 12940(h)

retaliation claim.

c. Causation

The third and final element of a section 12940(h) retaliation claim requires that Plaintiff allege that "a causal link existed between the protected activity and the employer's action." Yanowitz, 36 Cal.4th at 1042. Defendant does not address this element of Plaintiff's retaliation claim in its Motion to Dismiss. Plaintiff argues that she has satisfied this element by alleging that Ms. Clark's verbal abuse "coincided with Plaintiff's absences from work related to her doctor's appointments" and that she was "terminated . . . immediately following several months of repeated harassment and retaliation related to her pregnancy." Op. at 3-4.

Given the temporal proximity between Plaintiff's protected activity and her termination, a reasonable inference of causation can be drawn from Plaintiff's allegations. Pardi v. Kaiser Found. Hospitals, 389 F.3d 840, 850 (9th Cir. 2004) (noting that "[w]hen adverse employment decisions closely follow complaints of discrimination, retaliatory intent may be inferred").

Furthermore, Plaintiff alleges that Ms. Clark's reaction "stemmed from Plaintiff's work absences in order to attend pre-natal appointments." Compl. ¶ 18. This direct allegation of causation, combined with the reasonable inference of causation described above, satisfies the third element of Plaintiff's section 12940(h) retaliation claim.

The Motion to Dismiss the Second Cause of Action is DENIED.

3. Third Cause of Action

Plaintiff's third cause of action alleges that Defendant

failed to provide reasonable accommodations for a condition related to pregnancy, in violation of section 12945(a)(3)(A) of FEHA. Defendant argues that Plaintiff was not actually denied any of her requests for reasonable accommodation, as neither Ms. Clark nor Mr. Lock refused to give her time off to attend her doctor's appointments. Defendant further argues that any reasonable accommodations which were actually refused were not sought by Plaintiff "with the advice of her healthcare provider," as required by the statute. Plaintiff responds that Mr. Lock's failure to adequately address Ms. Clark's inappropriate behavior toward Plaintiff constitutes a failure to provide reasonable accommodation in violation of section 12945.

First, as a threshold matter, Plaintiff has alleged a violation of section 12945 of FEHA, not section 12940. Therefore, the three-part framework (based on section 12940) cited by Plaintiff in her Opposition is not the correct standard to apply in this case. See Spaziano v. Lucky Stores, Inc., 69 Cal.App.4th 106, 111 (1999) (acknowledging the distinction between claims brought under section 12945 and those brought under section 12940); Mayfield v. Trevors Store, Inc., 2004 WL 2806175 at *5 (N.D. Cal. Dec. 6, 2004) (analyzing section 12940 and section 12945 "failure to accommodate" claims separately, under different standards). Neither Plaintiff nor Defendant has cited any binding authority discussing the proper standard for a section 12945(a)(3)(A) "failure to accommodate" claim.

Nevertheless, the standard used for section 12940 claims can be adapted to fit the text of section 12945. As cited by Plaintiff, the essential elements of a section 12940 claim for

failure to accommodate are (1) the plaintiff has a disability covered by FEHA; (2) the plaintiff is a qualified individual (she can perform the essential functions of the position); and (3) the employer failed to reasonably accommodate the plaintiff's disability. Wilson v. County of Orange, 169 Cal.App.4th 1185, 1192 (2000). Section 12945 makes it unlawful "[f]or an employer to refuse to provide reasonable accommodation for an employee for a condition related to pregnancy, childbirth, or a related medical condition, if she so requests, with the advice of her health care provider." Cal. Gov't Code § 12945(a)(3)(A). The first element of the test must be changed to reflect section 12945(a)(3)(A)'s broad inclusion of any employee with "a condition related to pregnancy, childbirth, or a related medical condition." The second and third elements remain unchanged by the text of section 12945. See Green v. State, 42 Cal. 4th 254, 264 (2007) (noting that FEHA's protective scope is limited to those who "can perform the essential duties of the employment position with reasonable accommodation"). Finally, section 12945 adds an additional requirement: the request for accommodation must be made "with the advice of her healthcare provider."

Accordingly, the essential elements of a "failure to accommodate" claim under section 12945(a)(3)(A) which have been considered by the Court are: (1) Plaintiff had a "condition related to pregnancy, childbirth, or a related medical condition;" (2) Plaintiff was a "qualified individual" in that she could perform the essential functions of the job; (3) Plaintiff was refused a reasonable accommodation; and (4) the accommodation was requested with the advice of a health care

provider.

a. Condition Related to Pregnancy

Section 12945(a)(3)(A) of FEHA only applies to individuals who have "a condition related to pregnancy, childbirth, or a related medical condition[.]" The Fair Employment and Housing Commission (FEHC), which has statutory authority to promulgate regulations interpreting FEHA, has determined that this phrase "means a physical or mental condition intrinsic to pregnancy or childbirth[.]" Cal. Code Regs. Tit. 2, § 7286.4. Cal. Code Regs. Tit. 2, 7291.2(d).

Plaintiff alleges that she was affected by the physical condition of pregnancy itself, and thus the first element is satisfied.

b. Qualified Individual

FEHA only protects employees who are "qualified" for their job, in that they "can perform the essential duties of the employment position with reasonable accommodation." Green, 42 Cal. 4th at 264.

Plaintiff alleges that she "was qualified for the position she held and performed her responsibilities admirably and diligently." Compl. ¶ 12. Plaintiff further alleges that she "received a raise in approximately late October or early November 2012 as a commendation for her excellent job performance[.]" Id. Plaintiff was able to "perform the essential duties" of the job, and thus the second element is satisfied.

c. Refusal of Reasonable Accommodation

Section 12945(a)(3)(A) of FEHA prohibits employers from refusing to provide "reasonable accommodation." The FEHC has

determined that a "reasonable accommodation" is "any change in the work environment or in the way a job is customarily done that is effective in enabling an employee to perform the essential functions of a job." Cal. Code Regs. Tit. 2, 7291.2(s). This "may include . . . modifying work schedules[.]" Id.

Plaintiff has alleged two requests that may constitute reasonable accommodations. First, Plaintiff alleges that she lodged informal complaints with Mr. Lock and "he did nothing to ameliorate the situation." Opp. at 6. According to Plaintiff, Mr. Lock's suggestions that Plaintiff take disability leave or "simply deal with the harassment . . . hardly . . . amount to reasonable accommodations[.]" Id. Plaintiff appears to be arguing that Defendant's failure to stop Ms. Clark's abusive behavior constitutes a failure to reasonably accommodate her under section 12945(a)(3)(A). However, Plaintiff cites no authority for the proposition that a failure to prevent harassment or abuse constitutes a failure to provide reasonable accommodations, and the Court is reluctant to interpret 12945(a)(3)(A) in such a broad manner. Although the list of "reasonable accommodations" promulgated by the FEHC is not exclusive, the enumerated accommodations are of a different kind than the "accommodation" contemplated by Plaintiff. Cal. Code Regs. Tit. 2, 7291.2(s). Furthermore, harassment and abuse are made unlawful elsewhere in the statute, and such an extension would allow Plaintiff to "double dip," claiming multiple statutory violations for the same behavior by Defendant. Therefore, Plaintiff's allegations that Defendant failed to stop Ms. Clark's abusive behavior do not satisfy the third element of

her "failure to accommodate" claim.

Plaintiff also argues that her requests to take intermittent leave to attend prenatal doctor's appointments constitute requests for "reasonable accommodations." The FEHC has determined that the implementation of reasonable accommodations may include "modifying work schedules." Accordingly, intermittent leave constitutes a "reasonable accommodation." See Cal. Code Regs. Tit. 2, 7291.2(s). However, Plaintiff fails to allege that Defendant refused any request for intermittent leave. Therefore, Plaintiff has failed to sufficiently allege the third element of her section 12945 "failure to accommodate" claim.

d. Advice of Health Care Provider

Section 12945(a)(3)(A) requires that any reasonable accommodation be sought "with the advice of [a] health care provider."

Even if Mr. Lock's failure to prevent Ms. Clark's abusive behavior constituted a failure to provide a reasonable accommodation, Plaintiff does not allege that she requested this accommodation at the behest of her doctor. Although Plaintiff does allege that her requests for intermittent leave were based on her doctor's advice, Defendant did not refuse these requests for time off.

Accordingly, Plaintiff's third cause of action is dismissed. However, it is possible that the complaint can be saved by amendment. Namely, Plaintiff must allege either (1) a specific occasion on which Defendant expressly denied a request for intermittent leave or (2) another reasonable accommodation that was requested and denied by Defendant. Therefore, Plaintiff's

third cause of action is DISMISSED WITH LEAVE TO AMEND.

4. Fourth Cause of Action

Plaintiff's fourth cause of action alleges that Defendant interfered with her right to take pregnancy leave, in violation of section 12945(a)(4). Defendant argues that Plaintiff has failed to state a claim under section 12945(a)(4) because Defendant never expressly denied Plaintiff's ability to take leave. Plaintiff responds that her allegations are sufficient to state a claim for "interference" with leave in violation of section 12495(a)(4). Specifically, Plaintiff alleges that "every time [she] attended a pre-natal appointment, she returned to a hostile work environment" and that she was "informed by Defendant . . . that she was taking too much time off of work for her pre-natal appointments." Opp. at 8.

Under section 12945(a)(4), it is unlawful "[f]or an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise any right provided under this section." Neither Plaintiff nor Defendant cites any cases interpreting section 12945(a)(4) in the context of an "interference" claim. However, as noted above, some guidance can be drawn from federal case law. Humphrey v. Mem'l Hospitals Ass'n, 239 F.3d 1128, 1133 (9th Cir. 2001). Importantly, the language of section 12945(a)(4) perfectly mimics § 1615 of the federal Family and Medical Leave Act (FMLA). 29 U.S.C. § 2615. To establish an interference claim under the FMLA, a plaintiff must show that: (1) she exercised her rights under the Act; (2) her employer subsequently engaged in activity that tends to chill the exercise of her rights; and (3) her employer's activity was motivated by

the exercise of her rights. Rexwinkel v. Parsons, 162 F.App'x 698, 700 (9th Cir. 2006). Given the similarity between the relevant language in FEHA and the FMLA and the absence of any conflicting state law, the Court has analyzed Plaintiff's section 12495(a)(4) interference claim under the above standard.

a. Exercise of Rights under FEHA

To satisfy the first element of an interference claim, Plaintiff must have exercised her rights under FEHA. As discussed above, Plaintiff requested and received the reasonable accommodation of intermittent leave to attend prenatal medical appointments for her high-risk pregnancy, exercising her rights under section 12945(a)(3)(A).

Furthermore, Plaintiff exercised her right under section 12945(a)(1) as a "female employee disabled by pregnancy . . . to take a leave for a reasonable period of time." Plaintiff was "disabled by pregnancy" because her doctor recommended that she take time off to attend prenatal appointments. See Cal. Code Regs. Tit. 2, 7291.2(f) (defining "disabled by pregnancy" to include an individual who "needs to take time off for: prenatal . . . care"). Thus, Plaintiff was also exercising her right to intermittent leave under section 12945(a)(1). Accordingly, Plaintiff has alleged that she exercised her rights under FEHA.

b. Employer's "Chilling" Activity

To satisfy the second element of an interference claim, Plaintiff must show that her employer engaged in activity tending to chill the exercise of plaintiff's rights. In the context of the FMLA, this requirement has been liberally applied to include almost any time an employee is "subjected to negative

consequences" for exercising her rights. Xin Liu v. Amway Corp., 347 F.3d 1125, 1136 (9th Cir. 2003). As such, the consideration of an employee's qualified leave as a factor in that employee's termination will satisfy this requirement. Id. at 1137.

Plaintiff alleges that, after she took intermittent leave to attend prenatal appointments, she was subjected to repeated verbal abuse by Ms. Clark. Furthermore, Plaintiff alleges that she was terminated approximately three months after first informing Ms. Clark of her need for intermittent leave. Thus, Plaintiff has sufficiently alleged that Defendant engaged in activity tending to chill the exercise of her rights under FEHA.

c. Employer's Motivation

To satisfy the third element of her interference claim, Plaintiff must show that her employer's activity was motivated by the exercise of her rights under FEHA.

Plaintiff alleges that Ms. Clark's verbal abuse "coincided with" and "stemmed from" Plaintiff's intermittent prenatal leave. Compl. ¶ 16, 18. Plaintiff's allegations of temporal proximity between her intermittent leave and the verbal abuse and termination is sufficient to create a reasonable inference that Defendant's activity was motivated by Plaintiff's exercise of her rights under FEHA. Pardi v. Kaiser Found. Hospitals, 389 F.3d 840, 850 (9th Cir. 2004). Thus, Plaintiff has sufficiently alleged the third and final element of her claim that Defendant interfered with her FEHA rights, in violation of section 12945(a)(1).

Accordingly, the Motion to Dismiss the Fourth Cause of Action is DENIED.

III. ORDER

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Defendants' Motion to Dismiss Plaintiff's second and fourth causes of action is DENIED. Defendant's Motion to Dismiss Plaintiff's third cause of action is GRANTED WITH LEAVE TO AMEND. Plaintiff's Amended Complaint must be filed within twenty (20) days from the date of this Order. If Plaintiff files an Amended Complaint, Defendant's responsive pleading shall be due within twenty (20) days thereafter If Plaintiff elects not to file an Amended Complaint, the case will proceed without the third cause of action and Defendant must file its Answer to the Complaint within thirty (30) days from the date of this Order.

IT IS SO ORDERED.

Dated: November 8, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE