1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   SHAWNA GRAVES,                    No.  2:13-CV-01278-JAM-EFB

12              Plaintiff,

13        v.                           **ORDER DENYING IN PART AND
                                       GRANTING IN PART DEFENDANT'S**
14   PAU HANA GROUP, LLC dba KJL       **MOTION TO DISMISS**
     FASTENERS, a Nevada limited
15   liability corporation,

16              Defendant.

17

18        This matter is before the Court on Defendant Pau Hana Group,

19   LLC's ("Defendant") Motion to Dismiss the second, third and

20   fourth causes of action (Doc. #9) from Shawna Grave's

21   ("Plaintiff") Complaint (Doc. #1) for failure to state a claim

22   pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff

23   opposes the motion ("Opposition") (Doc. #10).[1]  Defendants filed

24   a reply to the Opposition (Doc. #11).  For the following reasons,

25   Defendant's motion is GRANTED in part and DENIED in part.

26

27   _____
     [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   originally scheduled for September 11, 2013.

1  ///

2                    I.   FACTUAL AND PROCEDURAL BACKGROUND

3        Defendant is in the business of supplying and distributing

4   aerospace fasteners to large corporate and government entities.

5   In October 2011, Plaintiff began working for Defendant as a

6   Shipping, Receiving, and Warehouse Manager.   Plaintiff's

7   responsibilities included ensuring that shipments were processed

8   properly, as well as interviewing, hiring, managing, and firing

9   employees within the Warehouse Department.   Throughout

10  Plaintiff's employment, Kathy Clark was her direct supervisor.

11  Prior to October 2012, Plaintiff and Ms. Clark had an amicable

12  relationship.

13       In July 2012, Plaintiff informed Ms. Clark and Defendant

14  that she was pregnant.   In October 2012, Plaintiff was informed

15  by her doctor that her pregnancy was high-risk, which would

16  require her to attend additional doctor's appointments.

17  According to the Complaint, when Plaintiff informed Ms. Clark

18  about her high-risk pregnancy, Ms. Clark "began to treat

19  Plaintiff with hostility and anger."   Compl. ¶ 15.   Ms. Clark

20  verbally abused Plaintiff, "using foul language, making false

21  accusations, and often stat[ing] that she was lazy, incompetent

22  and becoming useless due to her pregnancy."   Compl. ¶ 16.   This

23  abuse "repeatedly coincided" with Plaintiff's missing work to

24  attend prenatal doctor's appointments.   On one occasion, Ms.

25  Clark threw paper at Plaintiff and yelled at Plaintiff not to

26  "[expletive] look at her or talk to her for five weeks."   Compl.

27  ¶ 18.   Plaintiff alleges that this behavior "stemmed from [her]

28  work absences in order to attend pre-natal appointments."   Id.

                                    2

1    Plaintiff immediately reported Ms. Clark's behavior to Ray
2    Lock, the CEO of Defendant.  On December 4, 2012, Plaintiff sent
3    Mr. Lock an email informing him that Ms. Clark's abusive behavior
4    had not stopped.  Mr. Lock responded to Plaintiff, but no
5    disciplinary actions were ever taken toward Ms. Clark.
6        In early December 2012, Plaintiff took four days off due to
7    her high-risk pregnancy.  When Plaintiff returned to work, Ms.
8    Clark "once again berated [her] in front of her colleagues."
9    Compl. ¶ 14.  Furthermore, Plaintiff's team, which she
10   supervised, accused her of "failing to be a 'team player.'"  Id.
11   Plaintiff complained to Mr. Lock, who suggested that Plaintiff
12   take disability leave.  Plaintiff refused, stating that she was
13   not disabled, but was being harassed.  Mr. Lock told Plaintiff
14   she simply needed to decide whether she could continue to work
15   under the current circumstances with Ms. Clark.
16       On December 17, 2012, Plaintiff observed Ms. Clark speaking
17   to three co-workers, asking "[h]as it been done yet?"  Compl.
18   ¶ 28.  Immediately thereafter, the three co-workers confronted
19   Plaintiff and asked her why she was not being a "team player."
20       On December 18, 2012, Plaintiff received an email, written
21   and ratified by all employees at the company, including Mr. Lock
22   and Ms. Clark.  The email terminated Plaintiff's employment with
23   Defendant, stating that the other employees "no longer wished to
24   have [her] here as an employee."  Compl. ¶ 29.
25       Plaintiff filed a complaint against Defendant with the
26   California Department of Fair Employment and Housing and
27   thereafter received a "Right to Sue" letter.
28       On June 26, 2013, Plaintiff filed the Complaint (Doc. #1) in

1  this Court.  Plaintiff's second, third and fourth causes of
2  action in her Complaint are as follows: Retaliation in Violation
3  of California Government Code section 1940; Failure to
4  Accommodate in Violation of California Government Code section
5  1945; and Interference with and Failure to Provide Leave in
6  Violation of California Government Code section 12945.

7      This Court has diversity jurisdiction under 28 U.S.C.
8  § 1332(a), as Plaintiff is a citizen of California and Defendant
9  is a limited liability corporation whose only members are
10  citizens of Nevada.  Johnson v. Columbia Properties Anchorage,
11  LP, 437 F.3d 984, 899 (9th Cir. 2006).

12

13                    II.  OPINION

14      A.  Legal Standard

15      A party may move to dismiss an action for failure to state a
16  claim upon which relief can be granted pursuant to Federal Rule
17  of Civil Procedure 12(b)(6).  To survive a motion to dismiss a
18  plaintiff must plead "enough facts to state a claim to relief
19  that is plausible on its face."  Bell Atlantic Corp. v. Twombly,
20  556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a
21  district court must accept all the allegations in the complaint
22  as true and draw all reasonable inferences in favor of the
23  plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
24  overruled on other grounds by Davis v. Scherer, 468 U.S. 183
25  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be
26  entitled to the presumption of truth, allegations in a complaint
27  or counterclaim may not simply recite the elements of a cause of
28  action, but must sufficiently allege underlying facts to give

4

1   fair notice and enable the opposing party to defend itself

2   effectively." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir.

3   2011), <u>cert. denied</u>, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S.

4   2012).  "Second, the factual allegations that are taken as true

5   must plausibly suggest an entitlement to relief, such that it is

6   not unfair to require the opposing party to be subjected to the

7   expense of discovery and continued litigation." <u>Id.</u>  Assertions

8   that are mere "legal conclusions" are therefore not entitled to

9   the presumption of truth.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678

10  (2009) (citing <u>Twombly</u>, 550 U.S. at 555).  Dismissal is

11  appropriate when a plaintiff fails to state a claim supportable

12  by a cognizable legal theory.  <u>Balistreri v. Pacifica Police</u>

13  <u>Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

14       Upon granting a motion to dismiss for failure to state a

15  claim, a court has discretion to allow leave to amend the

16  complaint pursuant to Federal Rule of Civil Procedure 15(a).

17  "Dismissal with prejudice and without leave to amend is not

18  appropriate unless it is clear . . . that the complaint could not

19  be saved by amendment." <u>Eminence Capital, L.L.C. v. Aspeon,</u>

20  <u>Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

21       B.   <u>Discussion</u>

22            1.   <u>FEHA and ADA</u>

23       Plaintiff brings each of her claims under the California

24  Fair Employment and Housing Act (FEHA).  As FEHA provisions

25  relating to disability discrimination are based on the federal

26  Americans with Disabilities Act (ADA), both state and federal

27  courts have held that "decisions interpreting federal anti-

28  discrimination laws are relevant in interpreting FEHA's similar

5

1  provisions." <u>Humphrey v. Mem'l Hospitals Ass'n</u>, 239 F.3d 1128,

2  1133 (9th Cir. 2001); <u>see also Brundage v. Hahn</u>, 57 Cal.App.4th

3  228, 235 (1997) (noting that decisions interpreting federal anti-

4  discrimination laws are relevant in interpreting FEHA's similar

5  provisions, and therefore considering plaintiff's "state and

6  federal disability discrimination claims together, and rely[ing]

7  on federal authority in the absence of controlling state law").

8  Accordingly, in evaluating Defendant's Motion to Dismiss, the

9  Court has considered case law interpreting both FEHA and federal

10  anti-discrimination laws, such as the ADA.

11          2.   <u>Second Cause of Action</u>

12      Plaintiff's second cause of action alleges that Defendant

13  retaliated against Plaintiff in violation of California

14  Government Code section 12940(h).  Under section 12940(h), it is

15  unlawful "for any employer . . . to harass, discharge, expel, or

16  otherwise discriminate against any person because the person has

17  opposed any practices forbidden under this part[.]"  Gov. Code

18  §12940(h).  To state a claim for retaliation under section

19  12940(h), "a plaintiff must show (1) he or she engaged in a

20  protected activity, (2) the employer subjected the employee to an

21  adverse employment action, and (3) a causal link existed between

22  the protected activity and the employer's action."  <u>Yanowitz v.</u>

23  <u>L'Oreal USA, Inc.</u>, 36 Cal. 4th 1028, 1042 (2005).

24         a.   <u>Protected Activity</u>

25      Defendant first argues that Plaintiff has failed to "allege

26  with any specificity the nature of the protected activity in

27  which she was engaged[.]"  Mot. at 5.  Plaintiff responds that

28  the very act of "attending doctor's appointments related to her

6

1  high-risk pregnancy" constitutes "protected activity" for

2  purposes of a FEHA retaliation claim.  Opp. at 4.

3      In her Complaint, Plaintiff alleges that she requested

4  reasonable accommodations in the form of intermittent leave to

5  attend pre-natal doctor's appointments and made numerous

6  complaints to Mr. Lock about the subsequent abuse.  These

7  informal complaints rise to the level of protected activity for

8  the purposes of a FEHA retaliation claim.  California Fair

9  Employment & Hous. Comm'n v. Gemini Aluminum Corp., 122

10 Cal.App.4th 1004, 1018 (2004) (holding that the plaintiff had

11 engaged in protected activity under FEHA because "[i]nformal

12 complaints to management about discriminatory employment

13 practices are considered sufficient opposition to trigger the

14 prohibition against retaliation"); Passantino v. Johnson &

15 Johnson Consumer Products, Inc., 212 F.3d 493, 503 (9th Cir.

16 2000) (noting that "informal complaints" constitute a protected

17 activity for the purposes of a Title VII retaliation claim);

18 Washington v. California City Correction Ctr., 871 F. Supp. 2d

19 1010, 1028 (E.D. Cal. 2012) (noting that an employee's "formal or

20 informal complaints to a supervisor regarding unlawful

21 discrimination [are] 'protected activity' and adverse actions

22 taken against the employee after such complaints may constitute

23 retaliation"). Accordingly, Plaintiff has satisfied the first

24 element of this claim.

25              b.   Adverse Employment Action

26     Defendant next argues that Plaintiff's allegation of

27 "adverse employment action" is "contrary to other allegations

28 contained in the complaint where plaintiff alleges she was not

1    treated adversely after announcing her pregnancy."  Mot. at 5.

2    Plaintiff responds by pointing to her allegations that she

3    suffered verbal and physical harassment, was "repeatedly berated"

4    by her supervisor, and was eventually terminated.  Opp. at 4.

5         Defendant's argument appears to be rely on the fact that

6    Plaintiff informed Ms. Clark and Defendant that she was pregnant

7    in July 2012, yet alleges that she and Ms. Clark had "an amicable

8    and friendly work relationship" prior to October 2012.  Compl. ¶

9    15.  However, Plaintiff did not inform Ms. Clark that her

10   pregnancy was high-risk, and would require her to have additional

11   doctor's appointments, until October 2012, at which time their

12   previously amicable relationship began to deteriorate.  After

13   October 2012, Plaintiff alleges that Ms. Clark consistently

14   verbally abused her, threw paper at her on one occasion, and

15   orchestrated her termination on December 18, 2012.

16       For the purposes of section 12940(h) retaliation claims,

17   "adverse employment actions" encompass "not only so-called

18   'ultimate employment actions' such as termination or demotion,

19   but also the entire spectrum of employment actions that are

20   reasonably likely to adversely and materially affect an

21   employee's job performance or opportunity for advancement[.]"

22   Yanowitz v. L'Oreal USA, Inc., 26 Cal. 4th 1028, 1054 (2005).

23       Under this standard, the Court finds that Ms. Clark's

24   consistent pattern of verbal abuse, standing alone, constitutes

25   "adverse employment action."  Moreover, Plaintiff's termination

26   brings her treatment squarely within the Yanowitz definition of

27   "adverse employment action."  Accordingly, Plaintiff has

28   sufficiently alleged the second element of her section 12940(h)

8

1   retaliation claim.

2                    c.   Causation

3        The third and final element of a section 12940(h)

4   retaliation claim requires that Plaintiff allege that "a causal

5   link existed between the protected activity and the employer's

6   action." Yanowitz, 36 Cal.4th at 1042.  Defendant does not

7   address this element of Plaintiff's retaliation claim in its

8   Motion to Dismiss.  Plaintiff argues that she has satisfied this

9   element by alleging that Ms. Clark's verbal abuse "coincided with

10  Plaintiff's absences from work related to her doctor's

11  appointments" and that she was "terminated . . . immediately

12  following several months of repeated harassment and retaliation

13  related to her pregnancy."  Op. at 3-4.

14       Given the temporal proximity between Plaintiff's protected

15  activity and her termination, a reasonable inference of causation

16  can be drawn from Plaintiff's allegations.  Pardi v. Kaiser

17  Found. Hospitals, 389 F.3d 840, 850 (9th Cir. 2004) (noting that

18  "[w]hen adverse employment decisions closely follow complaints of

19  discrimination, retaliatory intent may be inferred").

20       Furthermore, Plaintiff alleges that Ms. Clark's reaction

21  "stemmed from Plaintiff's work absences in order to attend pre-

22  natal appointments."  Compl. ¶ 18.  This direct allegation of

23  causation, combined with the reasonable inference of causation

24  described above, satisfies the third element of Plaintiff's

25  section 12940(h) retaliation claim.

26       The Motion to Dismiss the Second Cause of Action is DENIED.

27            3.   Third Cause of Action

28       Plaintiff's third cause of action alleges that Defendant

                                   9

1   failed to provide reasonable accommodations for a condition

2   related to pregnancy, in violation of section 12945(a)(3)(A) of

3   FEHA.  Defendant argues that Plaintiff was not actually denied

4   any of her requests for reasonable accommodation, as neither Ms.

5   Clark nor Mr. Lock refused to give her time off to attend her

6   doctor's appointments.  Defendant further argues that any

7   reasonable accommodations which were actually refused were not

8   sought by Plaintiff "with the advice of her healthcare provider,"

9   as required by the statute.  Plaintiff responds that Mr. Lock's

10  failure to adequately address Ms. Clark's inappropriate behavior

11  toward Plaintiff constitutes a failure to provide reasonable

12  accommodation in violation of section 12945.

13       First, as a threshold matter, Plaintiff has alleged a

14  violation of section 12945 of FEHA, not section 12940.

15  Therefore, the three-part framework (based on section 12940)

16  cited by Plaintiff in her Opposition is not the correct standard

17  to apply in this case.  See Spaziano v. Lucky Stores, Inc., 69

18  Cal.App.4th 106, 111 (1999) (acknowledging the distinction

19  between claims brought under section 12945 and those brought

20  under section 12940); Mayfield v. Trevors Store, Inc., 2004 WL

21  2806175 at *5 (N.D. Cal. Dec. 6, 2004) (analyzing section 12940

22  and section 12945 "failure to accommodate" claims separately,

23  under different standards).  Neither Plaintiff nor Defendant has

24  cited any binding authority discussing the proper standard for a

25  section 12945(a)(3)(A) "failure to accommodate" claim.

26       Nevertheless, the standard used for section 12940 claims can

27  be adapted to fit the text of section 12945.  As cited by

28  Plaintiff, the essential elements of a section 12940 claim for

10

1   failure to accommodate are (1) the plaintiff has a disability

2   covered by FEHA; (2) the plaintiff is a qualified individual (she

3   can perform the essential functions of the position); and (3) the

4   employer failed to reasonably accommodate the plaintiff's

5   disability.  Wilson v. County of Orange, 169 Cal.App.4th 1185,

6   1192 (2000).  Section 12945 makes it unlawful "[f]or an employer

7   to refuse to provide reasonable accommodation for an employee for

8   a condition related to pregnancy, childbirth, or a related

9   medical condition, if she so requests, with the advice of her

10  health care provider." Cal. Gov't Code § 12945(a)(3)(A).  The

11  first element of the test must be changed to reflect section

12  12945(a)(3)(A)'s broad inclusion of any employee with "a

13  condition related to pregnancy, childbirth, or a related medical

14  condition."  The second and third elements remain unchanged by

15  the text of section 12945.  See Green v. State, 42 Cal. 4th 254,

16  264 (2007) (noting that FEHA's protective scope is limited to

17  those who "can perform the essential duties of the employment

18  position with reasonable accommodation").  Finally, section 12945

19  adds an additional requirement: the request for accommodation

20  must be made "with the advice of her healthcare provider."

21      Accordingly, the essential elements of a "failure to

22  accommodate" claim under section 12945(a)(3)(A) which have been

23  considered by the Court are: (1) Plaintiff had a "condition

24  related to pregnancy, childbirth, or a related medical

25  condition;" (2) Plaintiff was a "qualified individual" in that

26  she could perform the essential functions of the job; (3)

27  Plaintiff was refused a reasonable accommodation; and (4) the

28  accommodation was requested with the advice of a health care

11

1  provider.

2              a.   Condition Related to Pregnancy

3       Section 12945(a)(3)(A) of FEHA only applies to individuals

4  who have "a condition related to pregnancy, childbirth, or a

5  related medical condition[.]"  The Fair Employment and Housing

6  Commission (FEHC), which has statutory authority to promulgate

7  regulations interpreting FEHA, has determined that this phrase

8  "means a physical or mental condition intrinsic to pregnancy or

9  childbirth[.]" Cal. Code Regs. Tit. 2, § 7286.4.  Cal. Code Regs.

10  Tit. 2, 7291.2(d).

11      Plaintiff alleges that she was affected by the physical

12  condition of pregnancy itself, and thus the first element is

13  satisfied.

14              b.   Qualified Individual

15      FEHA only protects employees who are "qualified" for their

16  job, in that they "can perform the essential duties of the

17  employment position with reasonable accommodation."  Green, 42

18  Cal. 4th at 264.

19      Plaintiff alleges that she "was qualified for the position

20  she held and performed her responsibilities admirably and

21  diligently."  Compl. ¶ 12.  Plaintiff further alleges that she

22  "received a raise in approximately late October or early November

23  2012 as a commendation for her excellent job performance[.]"  Id.

24  Plaintiff was able to "perform the essential duties" of the job,

25  and thus the second element is satisfied.

26              c.   Refusal of Reasonable Accommodation

27      Section 12945(a)(3)(A) of FEHA prohibits employers from

28  refusing to provide "reasonable accommodation."  The FEHC has

                              12

1    determined that a "reasonable accommodation" is "any change in

2    the work environment or in the way a job is customarily done that

3    is effective in enabling an employee to perform the essential

4    functions of a job."  Cal. Code Regs. Tit. 2, 7291.2(s).  This

5    "may include . . . modifying work schedules[.]"  Id.

6         Plaintiff has alleged two requests that may constitute

7    reasonable accommodations.  First, Plaintiff alleges that she

8    lodged informal complaints with Mr. Lock and "he did nothing to

9    ameliorate the situation."  Opp. at 6.  According to Plaintiff,

10   Mr. Lock's suggestions that Plaintiff take disability leave or

11   "simply deal with the harassment . . . hardly . . . amount to

12   reasonable accommodations[.]"  Id.  Plaintiff appears to be

13   arguing that Defendant's failure to stop Ms. Clark's abusive

14   behavior constitutes a failure to reasonably accommodate her

15   under section 12945(a)(3)(A).  However, Plaintiff cites no

16   authority for the proposition that a failure to prevent

17   harassment or abuse constitutes a failure to provide reasonable

18   accommodations, and the Court is reluctant to interpret

19   12945(a)(3)(A) in such a broad manner.  Although the list of

20   "reasonable accommodations" promulgated by the FEHC is not

21   exclusive, the enumerated accommodations are of a different kind

22   than the "accommodation" contemplated by Plaintiff.  Cal. Code

23   Regs. Tit. 2, 7291.2(s).  Furthermore, harassment and abuse are

24   made unlawful elsewhere in the statute, and such an extension

25   would allow Plaintiff to "double dip," claiming multiple

26   statutory violations for the same behavior by Defendant.

27   Therefore, Plaintiff's allegations that Defendant failed to stop

28   Ms. Clark's abusive behavior do not satisfy the third element of

1  her "failure to accommodate" claim.

2      Plaintiff also argues that her requests to take intermittent

3  leave to attend prenatal doctor's appointments constitute

4  requests for "reasonable accommodations."  The FEHC has

5  determined that the implementation of reasonable accommodations

6  may include "modifying work schedules."  Accordingly,

7  intermittent leave constitutes a "reasonable accommodation."  <u>See</u>

8  Cal. Code Regs. Tit. 2, 7291.2(s).  However, Plaintiff fails to

9  allege that Defendant refused any request for intermittent leave.

10 Therefore, Plaintiff has failed to sufficiently allege the third

11 element of her section 12945 "failure to accommodate" claim.

12             d.   <u>Advice of Health Care Provider</u>

13     Section 12945(a)(3)(A) requires that any reasonable

14 accommodation be sought "with the advice of [a] health care

15 provider."

16     Even if Mr. Lock's failure to prevent Ms. Clark's abusive

17 behavior constituted a failure to provide a reasonable

18 accommodation, Plaintiff does not allege that she requested this

19 accommodation at the behest of her doctor.  Although Plaintiff

20 does allege that her requests for intermittent leave were based

21 on her doctor's advice, Defendant did not refuse these requests

22 for time off.

23     Accordingly, Plaintiff's third cause of action is dismissed.

24 However, it is possible that the complaint can be saved by

25 amendment.  Namely, Plaintiff must allege either (1) a specific

26 occasion on which Defendant expressly denied a request for

27 intermittent leave or (2) another reasonable accommodation that

28 was requested and denied by Defendant.  Therefore, Plaintiff's

                              14

1  third cause of action is DISMISSED WITH LEAVE TO AMEND.

2          4.   Fourth Cause of Action

3      Plaintiff's fourth cause of action alleges that Defendant

4  interfered with her right to take pregnancy leave, in violation

5  of section 12945(a)(4).  Defendant argues that Plaintiff has

6  failed to state a claim under section 12945(a)(4) because

7  Defendant never expressly denied Plaintiff's ability to take

8  leave.  Plaintiff responds that her allegations are sufficient to

9  state a claim for "interference" with leave in violation of

10 section 12495(a)(4).  Specifically, Plaintiff alleges that "every

11 time [she] attended a pre-natal appointment, she returned to a

12 hostile work environment" and that she was "informed by Defendant

13 . . . that she was taking too much time off of work for her pre-

14 natal appointments."  Opp. at 8.

15     Under section 12945(a)(4), it is unlawful "[f]or an employer

16 to interfere with, restrain, or deny the exercise of, or the

17 attempt to exercise any right provided under this section."

18 Neither Plaintiff nor Defendant cites any cases interpreting

19 section 12945(a)(4) in the context of an "interference" claim.

20 However, as noted above, some guidance can be drawn from federal

21 case law.  Humphrey v. Mem'l Hospitals Ass'n, 239 F.3d 1128, 1133

22 (9th Cir. 2001).  Importantly, the language of section

23 12945(a)(4) perfectly mimics § 1615 of the federal Family and

24 Medical Leave Act (FMLA).  29 U.S.C. § 2615.  To establish an

25 interference claim under the FMLA, a plaintiff must show that:

26 (1) she exercised her rights under the Act; (2) her employer

27 subsequently engaged in activity that tends to chill the exercise

28 of her rights; and (3) her employer's activity was motivated by

1   the exercise of her rights.  <u>Rexwinkel v. Parsons</u>, 162 F.App'x

2   698, 700 (9th Cir. 2006).  Given the similarity between the

3   relevant language in FEHA and the FMLA and the absence of any

4   conflicting state law, the Court has analyzed Plaintiff's section

5   12495(a)(4) interference claim under the above standard.

6                a.   <u>Exercise of Rights under FEHA</u>

7        To satisfy the first element of an interference claim,

8   Plaintiff must have exercised her rights under FEHA.  As

9   discussed above, Plaintiff requested and received the reasonable

10  accommodation of intermittent leave to attend prenatal medical

11  appointments for her high-risk pregnancy, exercising her rights

12  under section 12945(a)(3)(A).

13       Furthermore, Plaintiff exercised her right under section

14  12945(a)(1) as a "female employee disabled by pregnancy . . . to

15  take a leave for a reasonable period of time."  Plaintiff was

16  "disabled by pregnancy" because her doctor recommended that she

17  take time off to attend prenatal appointments.  <u>See</u> Cal. Code

18  Regs. Tit. 2, 7291.2(f) (defining "disabled by pregnancy" to

19  include an individual who "needs to take time off for: prenatal

20  . . . care").  Thus, Plaintiff was also exercising her right to

21  intermittent leave under section 12945(a)(1).  Accordingly,

22  Plaintiff has alleged that she exercised her rights under FEHA.

23                b.   <u>Employer's "Chilling" Activity</u>

24       To satisfy the second element of an interference claim,

25  Plaintiff must show that her employer engaged in activity tending

26  to chill the exercise of plaintiff's rights.  In the context of

27  the FMLA, this requirement has been liberally applied to include

28  almost any time an employee is "subjected to negative

                                  16

1   consequences" for exercising her rights.  <u>Xin Liu v. Amway Corp.</u>,

2   347 F.3d 1125, 1136 (9th Cir. 2003).  As such, the consideration

3   of an employee's qualified leave as a factor in that employee's

4   termination will satisfy this requirement.  <u>Id.</u> at 1137.

5       Plaintiff alleges that, after she took intermittent leave to

6   attend prenatal appointments, she was subjected to repeated

7   verbal abuse by Ms. Clark.  Furthermore, Plaintiff alleges that

8   she was terminated approximately three months after first

9   informing Ms. Clark of her need for intermittent leave.  Thus,

10  Plaintiff has sufficiently alleged that Defendant engaged in

11  activity tending to chill the exercise of her rights under FEHA.

12              c.   <u>Employer's Motivation</u>

13      To satisfy the third element of her interference claim,

14  Plaintiff must show that her employer's activity was motivated by

15  the exercise of her rights under FEHA.

16      Plaintiff alleges that Ms. Clark's verbal abuse "coincided

17  with" and "stemmed from" Plaintiff's intermittent prenatal leave.

18  Compl. ¶ 16, 18.  Plaintiff's allegations of temporal proximity

19  between her intermittent leave and the verbal abuse and

20  termination is sufficient to create a reasonable inference that

21  Defendant's activity was motivated by Plaintiff's exercise of her

22  rights under FEHA.  <u>Pardi v. Kaiser Found. Hospitals</u>, 389 F.3d

23  840, 850 (9th Cir. 2004).  Thus, Plaintiff has sufficiently

24  alleged the third and final element of her claim that Defendant

25  interfered with her FEHA rights, in violation of section

26  12945(a)(1).

27      Accordingly, the Motion to Dismiss the Fourth Cause of

28  Action is DENIED.

1

2                              III. ORDER

3        For the foregoing reasons, Defendant's Motion to Dismiss is

4   GRANTED in part and DENIED in part.  Defendants' Motion to

5   Dismiss Plaintiff's second and fourth causes of action is

6   DENIED.  Defendant's Motion to Dismiss Plaintiff's third cause

7   of action is GRANTED WITH LEAVE TO AMEND.  Plaintiff's Amended

8   Complaint must be filed within twenty (20) days from the date of

9   this Order. If Plaintiff files an Amended Complaint, Defendant's

10  responsive pleading shall be due within twenty (20) days

11  thereafter  If Plaintiff elects not to file an Amended

12  Complaint, the case will proceed without the third cause of

13  action and Defendant must file its Answer to the Complaint

14  within thirty (30) days from the date of this Order.

15       IT IS SO ORDERED.

16  Dated: November 8, 2013                _____

17                                         JOHN A. MENDEZ,
                                           UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                  18